Louis S. Ederer
Alan C. Veronick
Maxwell C. Preston
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff*

JUDGE SCHEINDLIN

## 12 CV 7506

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x

SWEET PEOPLE APPAREL, INC. d/b/a MISS ME

                  Plaintiff,

          - against -

XYZ COMPANY d/b/a MISSME-JEANS.COM,
XYZ COMPANY d/b/a
MISSMEJEANSOUTLET.COM, XYZ
COMPANIES 1-10, and JOHN AND JANE
DOES 1-10

                  Defendants.

-------------------------------------------------------------- x

Civil Action No. _____

**COMPLAINT**



Plaintiff Sweet People Apparel, Inc. d/b/a Miss Me ("Sweet People"), by and through its

undersigned counsel, complains of Defendants XYZ Company d/b/a missme-jeans.com, XYZ

Company d/b/a missmejeansoutlet.com, XYZ Companies 1-10, and John and Jane Does 1-10

(collectively "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

    1.    Sweet People seeks injunctive relief and damages for acts of cybersquatting,

trademark counterfeiting and infringement, false designation of origin, false advertising,

deceptive acts and practices, and unfair competition, engaged in by Defendants in violation of

the laws of the United States and the State of New York.

2. In particular, this case concerns Defendants' willful, deliberate and systematic (i) registration and use of Sweet People's federally registered MISS ME trademark and service mark in Defendants' missme-jeans.com and missmejeansoutlet.com domain names (the "Infringing Miss Me Domain Names"); and (ii) copying of the proprietary content appearing on Sweet People's authorized website, located at www.missme.com, including registered trademarks and service marks appearing on that site.

3. Defendants have engaged in such unlawful conduct in order to mislead consumers into believing that Defendants' websites are Sweet People's own MISS ME brand websites, or are authorized, sponsored and/or approved by Sweet People, all in an effort to defraud consumers into providing Defendants with personal identifying information, including names, addresses and credit card account numbers, and to entice those unsuspecting consumers into ordering MISS ME brand products from Defendants, and paying Defendants for such products, even thought Defendants have no intention of fulfilling the orders. This willful scheme to defraud consumers into providing Defendants with their personal information and their hard earned money, which they believe they are paying over to Sweet People for genuine MISS ME brand products, is causing Sweet People to suffer irreparable and substantial harm to its goodwill and reputation.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and 15 U.S.C. §§ 1116 and 1121, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Plaintiffs' claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq*., and substantial and related claims under the common law of the State of New York.

5. Upon information and belief, this Court has personal jurisdiction over Defendants

in that each Defendant transacts business in the State of New York and in this judicial district. In particular, by continuously soliciting business from New York residents on the Internet through one or more fully interactive websites, and by accepting payments from New York residents, Defendants have transacted business in interstate commerce, including in New York, and have wrongfully caused Sweet People substantial injury in the State of New York.

6.      Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(a), because Defendants are either subject to personal jurisdiction within this judicial district, and/or because a substantial part of the events giving rise to Sweet People's claims occurred within this judicial district.

## THE PARTIES

7.      Plaintiff Sweet People is a corporation duly organized and existing under the laws of the State of California, and maintains its principal place of business at 4715 S. Alameda Street, Los Angeles, California 90058.

8.      Upon information and belief, Defendant XYZ Company d/b/a missme-jeans.com is a business or individual whose actual name and address is currently unknown. Upon further information and belief, Defendant XYZ Company d/b/a missme-jeans.com, who is the registrant of the "missme-jeans.com" domain name, has hidden its true identity and any contact information by subscribing to the WhoisGuard Protected identity blocking service, which blocks the contact information of Internet domain name registrants and administrators.

9.      Upon information and belief, Defendant XYZ Company d/b/a missmejeansoutlet.com is a business or individual whose actual name and address is currently unknown. Upon further information and belief, Defendant XYZ Company d/b/a missmejeansoutlet.com, who is the registrant of the "missme-jeans.com" domain name, has hidden its true identity and any contact information by subscribing to the WhoisGuard Protected

3

identity blocking service, which blocks the contact information of Internet domain name registrants and administrators.

10.     Upon information and belief, the preceding named Defendants are acting in conjunction with various Defendant XYZ Companies, denoted here as Defendant XYZ Companies 1-10, and John and Jane Does, denoted here as Defendants John and Jane Does 1-10, who identities are not presently known. If the identities of these parties become known, Sweet People will amend the Complaint to include the names of these additional corporations and individuals.

## SWEET PEOPLE'S BUSINESS

11.     Sweet People manufactures, promotes, sells and distributes high-quality jeanswear and denim products throughout the United States, including in this judicial district, under the MISS ME and MM COUTURE brand names.

12.     Over the past several years, the MISS ME and MM COUTURE lines of apparel products have become extremely popular and have generated substantial goodwill in the highly competitive apparel industry. Due to their popularity, Sweet People's MISS ME and MM COUTURE products have received extensive media coverage and have appeared in numerous widely circulated fashion magazines, including *In Style*, *Elle*, *Glamour*, *Lucky*, *944 Magazine*, *Harper's Bazaar*, *Lucky*, *Teen Vogue* and *Nylon*. In addition, celebrities such as Miley Cyrus, Paris Hilton and Beyonce have been photographed wearing Sweet People's products.

13.     Sweet People's apparel products are sold by such well-known national retailers and department stores as Macy's, Dillard's and The Buckle, both in-store and online, as well as through Sweet People's authorized Internet web store located at "www.missme.com" (the "Authorized Miss Me Website"). A screen shot of the homepage appearing on the Authorized Miss Me Website appears below:

4



14.     The Authorized Miss Me Website features Sweet People's proprietary images and content, contains countless usages of Sweet People's MISS ME and MM COUTURE trademarks, and includes images of Sweet People products sold under the MISS ME and MM COUTURE marks. Sweet People has devoted, and continues to devote, a great deal of time, energy and resources to the maintenance of the Authorized Miss Me Website, and to creating the imagery and content, including videos and advertisements, that appear on this site. The Authorized Miss Me Website is extremely popular, enjoying many thousands of unique visitors per month. Further, since its inception, millions of dollars worth of MISS ME and MM COUTURE brand products have been sold through the Authorized Miss Me Website.

15.     Sweet People is the owner of a number of trademarks and service marks for use in connection with its collection of jeanswear, sportswear, accessories and for other products and services, including retail store and online retail services. For example, Sweet People is the owner of numerous federal trademark and service mark registrations with the U.S. Trademark Office for its MISS ME and MM COUTURE marks, including, *inter alia*, the following federal registrations:

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 3,790,104 | MISS ME | On-line retail store services featuring clothing and apparel |
| 3,958,985 | MISS ME | On-line retail store services featuring women and children's clothing; retail apparel stores; retail clothing boutiques; retail clothing stores |
| 3,116,485 | MISS ME | Men's, women's, children's apparel namely shirts, blouses, jeans, trousers, slacks, coats and dresses. |
| 3,651,168 | Miss Me | Blouses; camisoles; cardigans; coats for men and women; dresses; jackets; jeans; men and women jackets, coats, trousers, vests; pants; scarves; shirts; skirts and dresses; slacks; sweaters; swim wear for gentlemen and ladies; t-shirts; trousers; vests |
| 3,912,344 | MISS ME | Clutch purses; handbags; handbags, purses and wallets; leather bags and wallets; purses; shoulder bags; wallets; wallets with card compartments |
| 3,490,718 | Miss Me | All-purpose carrying bags; beach bags; book bags. |
| 3,171,165 | M | Jackets; Jeans. |
| 3,579,467 | MM COUTURE | Blouses; cardigans; coats; dresses; hooded pullovers; hooded sweat shirts; jackets; pants; shorts; skirts; skirts and dresses; sweaters; t-shirts; tank tops; vests. |

The trademarks and service marks listed above are collectively referred to as the Sweet People Marks. True and correct copies of Sweet People's federal trademark registrations for the Sweet People Marks are attached hereto as Exhibit A.

16. The registrations of the Sweet People Marks constitute *prima facie* evidence of their validity, and conclusive evidence of Sweet People's exclusive right to use the Sweet People Marks in commerce. Such registrations also constitute constructive notice to Defendants of Sweet People's ownership and exclusive rights in the Sweet People Marks.

17. Sweet People has used, and is currently using the Sweet People Marks in commerce on or in connection with its sale of Sweet People products, and in connection with providing retail and online services, including on its Authorized Miss Me Website, and plans to continue such use in the future.

18. Since 2005, Sweet People has sold hundreds of millions of dollars worth of product bearing one or more of the Sweet People Marks.

19. During that time period, Sweet People has expended large sums of money in advertising and promoting the Sweet People Marks to consumers, and continues to engage in such advertising and promotion.

20. In addition to being, in and of themselves, highly distinctive, as a result of Sweet People's uninterrupted and continuous promotion and sale of products and services bearing the Sweet People Marks, and the widespread editorial coverage such products and services have received, the Sweet People Marks have acquired distinctiveness, and have developed a strong secondary meaning among consumers.

21. Consumers, potential consumers and other members of the public associate the Sweet People Marks with Sweet People, immediately recognize and expect that products and services bearing these marks originate with and/or are approved or sponsored by Sweet People,

7

and have come to expect that products and services bearing these marks are of the highest quality and reliability. Consequently, Sweet People has built, and enjoys, an outstanding reputation and significant goodwill in association with the Sweet People Marks.

## DEFENDANTS' UNLAWFUL CONDUCT

22. Defendants are unabashed scammers engaged in stealing money and private information from unsuspecting consumers.

23. Upon information and belief, Defendants, without authorization from Sweet People, have knowingly and willfully used and continue to use the Sweet People Marks on and in connection with their infringing websites, located at "missme-jeans.com" and "missmejeansoutlet.com" (the "Infringing Miss Me Websites"), all in an effort to deceive consumers into thinking that these websites are authorized, sponsored and/or approved by Sweet People, and to scam consumers into providing personal identifying information and to pay Defendants money.

24. Defendants operate the Infringing Miss Me Websites, including registering and using the Infringing Domain Names which contain Sweet People's MISS ME mark, copying the proprietary content, including the Sweet People Marks, images, web designs, videos, photographs of genuine products and detailed product descriptions, directly from the Authorized Miss Me Website, and displaying normal indicia of security protection that would appear on legitimate websites. A screenshot of the homepages appearing on the Infringing Miss Me Websites appears below:

**MISSME-JEANS.COM**



**MISSMEJEANSOUTLET.COM**



25.     As the above screen shots make clear, Defendants are prominently displaying the

MISS ME mark in the distinctive and stylized font used by Sweet People on the top left-hand

corner of each webpage.  Defendants make other prominent uses of the Sweet People Marks

throughout the Infringing Miss Me Websites as well, including the use of such marks in close

proximity to photographs of Sweet People products that Defendants are purporting to sell but, in

9

fact, are not. Representative examples of Defendants' use of the Sweet People Marks on the Infringing Miss Me Websites, along with Sweet People's corresponding use of those same marks on the Authorized Miss Me Website, are set out below:

| DEFENDANTS' INFRINGING USE | SWEET PEOPLE'S USE |
|---|---|
| MISS ME Mark | MISS ME Mark |
|  |  |
| M Design Mark | M Design Mark |
|  |  |
| MM COUTURE Mark | MM COUTURE Mark |
|  |  |

26.    Upon information and belief, Defendants have engaged in their unlawful conduct in an effort to defraud consumers into providing Defendants with their personal information, including proprietary credit card information, and to pay money to Defendants for products that the consumer never receives. The screen shots appearing below display the personal identifying information that Defendants require consumers to provide in order to register with the Infringing Miss Me Websites:





27.     Once registered, the consumer may then add products, all of which Defendants

represent are authentic MISS ME brand products, to a virtual "shopping cart." After the

consumer makes his or her product selections, the consumer is then directed to proceed to a

"checkout" page, at which time the consumer is prompted to select shipping and payment

instructions and, thereafter, credit card information to complete the transaction. The screen shots

appearing below demonstrate this interactive process:

## STEP 1 - DELIVERY AND SHIPPING INFORMATION



## STEP 2 - PAYMENT INFORMATION



## STEP 3 - PAYMENT INFORMATION



## STEP 4 - CREDIT CARD DETAILS



28. Upon information and belief, while Defendants are taking money from consumers for what they represent is authentic MISS ME brand product, Defendants, in fact, never ship any product to those consumers. Indeed, Sweet People has been contacted by one consumer who appears to have paid for products on the "missme-jeans.com" site, but never received the products she ordered.

29. Upon information and belief, Defendants have registered and are using the Infringing Domain Names with a bad faith intent to profit from their use of the Sweet People Marks and to trade off the reputation of these marks.

30. Upon information and belief, Defendants were aware that the Sweet People Marks were owned by Sweet People at the time they created the Infringing Miss Me Websites. Accordingly, upon information and belief, Defendants have been engaging in the above-

described unlawful activities knowingly and intentionally, and/or with reckless disregard for Sweet People's rights in and to the Sweet People Marks.

31.    Defendants' unauthorized use of the Sweet People Marks is likely to mislead, deceive, and confuse consumers. Upon information and belief, consumers have mistakenly believed and will continue to mistakenly believe that the Infringing Miss Me Websites are actual, genuine MISS ME brand websites, authorized, sponsored, approved or in some way affiliated with Sweet People, when in fact, they are not.

32.    Upon information and belief, Defendants intend to continue to engage in their unlawful conduct unless otherwise restrained by this Court.

33.    Unless Defendants' conduct is immediately enjoined, such conduct is likely to continue to cause confusion, mistake and deception and will severely inhibit and/or destroy the ability of the Sweet People Marks to identify Sweet People as the exclusive source of goods or services for which they appear.

## FIRST CLAIM FOR RELIEF
## CYBERSQUATTING UNDER THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d)(1)(A))

34.    The allegations set forth in paragraphs 1 through 33 hereof are adopted and incorporated by reference as if fully set forth herein.

35.    The Infringing Domain Names are identical or confusingly similar to Sweet People's MISS ME marks, which was distinctive and/or famous at the time Defendants registered the Infringing Domain Names.

36.    Defendants registered and have used the Infringing Domain Names with the bad faith intention to profit from Sweet People's MISS ME mark.

37.    Defendants activities as alleged herein violate the federal Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A).

14

38.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or in equity entitled.

39.     Upon information and belief, Defendants intend to continue their willful conduct, and to act in bad faith, unless restrained by this Court.

40.     Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## TRADEMARK/SERVICE MARK COUNTERFEITING & INFRINGEMENT
## (15 U.S.C. § 1114)

41.     The allegations set forth in paragraphs 1 through 40 hereof are adopted and incorporated by reference as if fully set forth herein.

42.     By the acts alleged herein, Defendants are using marks that are identical to Sweet People's MISS ME trademark and service mark, and have counterfeited and/or infringed, and continue to counterfeit and/or infringe, the MISS ME marks, in violation of 15 U.S.C. § 1114.

43.     Upon information and belief, Defendants' use of marks that are identical to the MISS ME trademarks and service marks has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public as to a possible affiliation, connection or association between Sweet People and Defendants.

44.     Upon information and belief, Defendants have acted with knowledge of Sweet People's ownership of the MISS ME trademarks and service marks, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

45.     Defendants' acts constitute willful trademark counterfeiting and/or infringement in violation of 15 U.S.C. § 1114.

46.     Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully counterfeit and/or infringe Sweet People's MISS ME marks,

15

unless restrained by this Court.

47. Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

48. Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF
### TRADEMARK COUNTERFEITING & INFRINGEMENT (15 U.S.C. § 1114)

49. The allegations set forth in paragraphs 1 through 48 hereof are adopted and incorporated by reference as if fully set forth herein.

50. By the acts alleged herein, Defendants are using marks that are identical to Sweet People's M design mark, and have counterfeited and/or infringed, and continue to counterfeit and/or infringe, the M design mark, in violation of 15 U.S.C. § 1114.

51. Upon information and belief, Defendants' use of marks that are identical to the M design mark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public as to a possible affiliation, connection or association between Sweet People and Defendants.

52. Upon information and belief, Defendants have acted with knowledge of Sweet People's ownership of the M design mark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

53. Defendants' acts constitute willful trademark counterfeiting and/or infringement in violation of 15 U.S.C. § 1114.

54. Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully counterfeit and/or infringe Sweet People's M design mark, unless restrained by this Court.

16

55.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

56.     Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## TRADEMARK COUNTERFEITING & INFRINGEMENT (15 U.S.C. § 1114)

57.     The allegations set forth in paragraphs 1 through 56 hereof are adopted and incorporated by reference as if fully set forth herein.

58.     By the acts alleged herein, Defendants are using marks that are identical to Sweet People's MM COUTURE mark, and have counterfeited and/or infringed, and continue to counterfeit and/or infringe, the MM COUTURE mark, in violation of 15 U.S.C. § 1114.

59.     Upon information and belief, Defendants' use of marks that are identical to the MM COUTURE mark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public as to a possible affiliation, connection or association between Sweet People and Defendants.

60.     Upon information and belief, Defendants have acted with knowledge of Sweet People's ownership of the MM COUTURE mark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

61.     Defendants' acts constitute willful trademark counterfeiting and/or infringement in violation of 15 U.S.C. § 1114.

62.     Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct, and to willfully counterfeit and/or infringe Sweet People's MM COUTURE mark, unless restrained by this Court.

63.     Upon information and belief, by their willful acts, Defendants have made and will

17

continue to make substantial profits and gains to which they are not in law or equity entitled.

64.     Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

65.     The allegations set forth in paragraphs 1 through 64 hereof are adopted and incorporated by reference as if fully set forth herein.

66.     Upon information and belief, Defendants' use of marks that are identical to the Sweet People Marks have caused, are intended to cause, and are likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of such products, or as to a possible affiliation, connection or association between Sweet People and Defendants, and/or between Sweet People and such products.

67.     Upon information and belief, Defendants' activities complained of herein constitute willful and intentional uses, appropriations and infringements of the Sweet People Marks, are in complete and deliberate disregard of Sweet People's rights, and were commenced and have continued in spite of Defendants' knowledge that the use of the Sweet People Marks in the manner described herein was and is in direct contravention of Sweet People's rights, all in violation of 15 U.S.C. §1125(a).

68.     Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct as described herein, unless restrained by this Court.

69.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

70.     Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF
## FALSE ADVERTISING (15 U.S.C. § 1125(a))

71.     The allegations set forth in paragraphs 1 through 70 hereof are adopted and incorporated by reference as if fully set forth herein.

72.     Defendants, using marks that are identical to the Sweet People Marks, have falsely and misleadingly described and misrepresented to consumers that they are selling authentic Sweet People products, all in an effort to collecting personal identifying information from consumers, and payments for products that do not exist and which such consumers will never receive, all in violation of 15 U.S.C. §1125(a).

73.     Upon information and belief, by their actions, Defendants intend to continue their unlawful conduct as described herein, unless restrained by this Court.

74.     Upon information and belief, by their willful acts, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

75.     Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## SEVENTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

76.     The allegations set forth in paragraphs 1 through 75 hereof are adopted and incorporated by reference as if fully set forth herein.

77.     The aforesaid conduct of Defendants constitutes willful trademark infringement under the common law of the State of New York.

78.     Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## EIGHTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

79.    The allegations set forth in paragraphs 1 through 78 hereof are adopted and incorporated by reference as if fully set forth herein.

80.    The aforesaid conduct of Defendants constitutes willful unfair competition with Sweet People under the common law of the State of New York.

81.    Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## NINTH CLAIM FOR RELIEF
## DECEPTIVE ACTS OR PRACTICES (G.B.L. § 349)

82.    The allegations set forth in paragraphs 1 through 81 hereof are adopted and incorporated by reference as if fully set forth herein.

83.    Upon information and belief, through the deceptive acts described herein, Defendants have engaged in consumer-oriented conduct that has affected the public interest of New York and has resulted in injury to consumers and harm to the public in the State of New York. In particular, as noted above, Defendants are fraudulently collecting personal identifying information from consumers, and payment for products that do not exist and which such consumers will never receive, all to the detriment of New York-based consumers.

84.    Upon information and belief, Defendants' acts and practices have deceived or have a tendency to deceive a material segment of the public to which Defendants have directed their unlawful activities, and Sweet People has been injured thereby.

85.    Upon information and belief, Defendants have willfully engaged in deceptive acts or practices in the conduct of its business in violation of § 349 of the General Business Law of the State of New York.

Defendants' acts have damaged and, unless enjoined, will continue to irreparably damage Sweet People, and Sweet People has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Sweet People demands judgment against Defendants as follows:

1.     Finding that, (i) as to Count, Defendants engaged in willful cybersquatting in violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A); (ii) as to Counts 2-4, Defendants engaged in willful trademark counterfeiting and/or trademark infringement in violation of 15 U.S.C. § 1114; (iii) as to Count 5, Defendants engaged in willful false designation of origin in violation of 15 U.S.C. § 1125(a); (iv) as to Count 6, Defendants engaged in willful false advertising in violation of 15 U.S.C. § 1125(a); (v) as to Count 7, Defendants engaged in willful trademark infringement under the common law of the State of New York; (vi) as to Count 8, Defendants engaged in willful unfair competition under the common law of the State of New York; and (vii) as to Count 9, Defendants engaged in willful deceptive acts or practices in violation of § 349 of the General Business Law of the State of New York.

2.     That Defendants, their officers, agents, servants, employees, attorneys, confederates, and all persons in active concert with them be permanently enjoined and restrained from:

(a)     using the Sweet People Marks or any reproductions, counterfeit, copy or colorable imitation of the Sweet People Marks in connection with the distribution, advertising, promotion, marketing, offer for sale and/or sale of products that are not authorized by Sweet People; and

(b)      utilizing the Infringing Domain Names and registering any additional domain names that use or incorporate in any way any of the Sweet People Marks, or any other trademarks or service marks owned by Sweet People; and

(c)      creating, owning, designing, operating and/or hosting the Infringing Miss Me Websites or any other websites that use the Sweet People Marks, or any other trademarks or service marks owned by Sweet People.

3.      That Defendants, within thirty (30) days after service of judgment with notice thereof upon it, be required to file with the Court and serve upon Sweet People written reports under oath setting forth in detail the manner in which Defendants have respectively complied with Paragraph 2 of this Prayer for Relief.

4.      That the Infringing Miss Me Websites and/or the corresponding Infringing Domain Names, along with any other websites or domain names registered, owned, operated and/or hosted by Defendants that use the Sweet People Marks, or any other trademarks or service marks owned by Sweet People, be disabled by the appropriate domain name registries or registrars, including but not limited to eNom, Inc. and NameCheap, Inc. d/b/a NameCheap.com.

5.      That the appropriate domain name registries or registrars, including but not limited to eNom, Inc. and NameCheap, Inc. d/b/a NameCheap.com, be required to transfer the Infringing Domain Names, along with any other domain names registered, owned, operated and/or hosted by Defendants that use the Sweet People Marks, or any other trademarks or service marks owned by Sweet People, to a registrar to be appointed by Sweet People to re-register such domain names in Sweet People's name and under Sweet People's ownership.

6.      That any banks, credit card companies, payment providers, or third party processors (*e.g.*, PayPal) for any of the Defendants, any of the Defendants' operations, and Defendants' Infringing Miss Me Websites, or any other website owned or controlled by

Defendants, shall immediately locate all accounts connected to such Defendants and their operations, Infringing Miss Me Websites and other sites, and that such accounts be restrained and enjoined from transferring or disposing of any money or other of Defendants' assets, not allowing such funds to be transferred or withdrawn.

7.     That the Court award Sweet People (i) Defendants' profits and Sweet People's damages and/or statutory damages, attorneys' fees and costs, to the full extent provided for by 15 U.S.C. § 1117, with any monetary award under 15 U.S.C. § 1117 to be trebled; (iii) Defendants' profits, Sweet People's actual damages and/or punitive damages as provided under the common law of the State of New York; and (v) Sweet People's attorneys' fees and litigation-related expenses incurred herein.

8.     That Sweet People be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against Defendants.

9.     That Sweet People be awarded such additional and further relief as the Court deems just and proper.

Dated: New York, New York
      October 5, 2012

ARNOLD & PORTER LLP

By:      *Louis S. Ederer*

Louis S. Ederer
louis.ederer@aporter.com
Alan C. Veronick
alan.veronick@aporter.com
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff Sweet People*
*Apparel, Inc. d/b/a Miss Me*

# EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# MISS ME

**Reg. No. 3,790,104**

**Registered May 18, 2010**

SWEET PEOPLE APPAREL, INC. (CALIFORNIA CORPORATION)
4715 SOUTH ALAMEDA ST.
LOS ANGELES, CA 90058

**Int. Cl.: 35**

FOR: ON-LINE RETAIL STORE SERVICES FEATURING CLOTHING AND APPAREL, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

**SERVICE MARK**

FIRST USE 1-15-2008; IN COMMERCE 1-15-2008.

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,116,485, 3,288,934 AND OTHERS.

SER. NO. 77-840,720, FILED 10-2-2009.

JORDAN BAKER, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

# United States of America
## United States Patent and Trademark Office

# MISS ME

**Reg. No. 3,958,985**
**Registered May 10, 2011**

**Int. Cl.: 35**

**SERVICE MARK**

**PRINCIPAL REGISTER**

SWEET PEOPLE APPAREL, INC. (CALIFORNIA CORPORATION)
4715 SOUTH ALAMEDA ST.
LOS ANGELES, CA 90058

FOR: ON-LINE RETAIL STORE SERVICES FEATURING WOMEN AND CHILDREN'S CLOTHING; RETAIL APPAREL STORES; RETAIL CLOTHING BOUTIQUES; RETAIL CLOTHING STORES , IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-15-2008; IN COMMERCE 1-15-2008.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,116,485, 3,288,934, AND OTHERS.

SN 77-903,556, FILED 12-31-2009.

JENNIFER VASQUEZ, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

United States Patent and Trademark Office

Reg. No. 3,116,485
Registered July 18, 2006

## TRADEMARK
### PRINCIPAL REGISTER

# MISS ME

SWEET PEOPLE APPAREL, INC. (CALIFORNIA CORPORATION)
1125 E. PICO BLVD.
LOS ANGELES, CA 90021

FOR: MEN'S, WOMEN'S, CHILDREN'S APPAREL NAMELY SHIRTS, BLOUSES, JEANS, TROUSERS, SLACKS, COATS AND DRESSES, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1-22-2001; IN COMMERCE 1-22-2001.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-572,189, FILED 2-22-2005.

KAELIE KUNG, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,651,168
Registered July 7, 2009

## TRADEMARK
### PRINCIPAL REGISTER



SWEET PEOPLE APPAREL, INC. (CALIFORNIA CORPORATION)
1125 E. PICO BLVD.
LOS ANGELES, CA 90021

FOR: BLOUSES; CAMISOLES; CARDIGANS; COATS FOR MEN AND WOMEN; DRESSES; JACKETS; JEANS; MEN AND WOMEN JACKETS, COATS, TROUSERS, VESTS; PANTS; SCARVES; SHIRTS; SKIRTS AND DRESSES; SLACKS; SWEATERS;

SWIM WEAR FOR GENTLEMEN AND LADIES; T-SHIRTS; TROUSERS; VESTS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 9-1-2004; IN COMMERCE 9-1-2004.

SER. NO. 78-760,331, FILED 11-23-2005.

SHAUNIA CARLYLE, EXAMINING ATTORNEY

# United States of America

## United States Patent and Trademark Office

# MISS ME

**Reg. No. 3,912,344**
**Registered Jan. 25, 2011**

**Int. Cl.: 18**

**TRADEMARK**

**PRINCIPAL REGISTER**

SWEET PEOPLE APPAREL, INC. (CALIFORNIA CORPORATION)
4715 SOUTH ALAMEDA ST.
LOS ANGELES, CA 90058

FOR: CLUTCH PURSES; HANDBAGS; HANDBAGS, PURSES AND WALLETS; LEATHER BAGS AND WALLETS; PURSES; SHOULDER BAGS; WALLETS; WALLETS WITH CARD COMPARTMENTS , IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 8-30-2010; IN COMMERCE 8-30-2010.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NOS. 3,116,485, 3,288,934, AND OTHERS.

SN 77-980,825, FILED 12-31-2009.

JENNIFER VASQUEZ, EXAMINING ATTORNEY



David J. Kappos

Director of the United States Patent and Trademark Office

Int. Cl.: 18

Prior U.S. Cls.: 1, 2, 3, 22, and 41

Reg. No. 3,490,718

**United States Patent and Trademark Office**

Registered Aug. 19, 2008

## TRADEMARK
### PRINCIPAL REGISTER



SWEET PEOPLE APPAREL, INC. (CALIFORNIA CORPORATION)
4715 S. ALAMEDA ST
LOS ANGELES, CA 90058

FOR: ALL-PURPOSE CARRYING BAGS; BEACH BAGS; BOOK BAGS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 1-31-2008; IN COMMERCE 1-31-2008.

OWNER OF U.S. REG. NO. 3,116,485.

SN 78-980,436, FILED 3-1-2006.

THEODORE MCBRIDE, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

United States Patent and Trademark Office

Reg. No. 3,171,165
Registered Nov. 14, 2006

## TRADEMARK
### PRINCIPAL REGISTER



SWEET PEOPLE APPAREL, INC. (CALIFORNIA CORPORATION)
1125 E. PICO BLVD.
LOS ANGELES, CA 90021

FOR: JACKETS; JEANS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 9-1-2004; IN COMMERCE 9-1-2004.

THE MARK CONSISTS OF THE LETTER "M" IN A STYLIZED SCRIPT.

SER. NO. 78-760,427, FILED 11-23-2005.

SHAUNIA WALLACE, EXAMINING ATTORNEY

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

United States Patent and Trademark Office

Reg. No. 3,579,467
Registered Feb. 24, 2009

TRADEMARK
PRINCIPAL REGISTER

# MM COUTURE

SWEET PEOPLE APPAREL, INC. (CALIFORNIA CORPORATION)
4715 S. ALAMEDA ST.
LOS ANGELES, CA 90058

FOR: BLOUSES; CARDIGANS; COATS; DRESSES; HOODED PULLOVERS; HOODED SWEAT SHIRTS; JACKETS; PANTS; SHORTS; SKIRTS; SKIRTS AND DRESSES; SWEATERS; T-SHIRTS; TANK TOPS; VESTS , IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 11-16-2007; IN COMMERCE 11-16-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "COUTURE", APART FROM THE MARK AS SHOWN.

SER. NO. 77-506,516, FILED 6-24-2008.

WENDY GOODMAN, EXAMINING ATTORNEY