Louis S. Ederer
Alan C. Veronick
Maxwell C. Preston
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York  10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

| | |
|---|---|
| SWEET PEOPLE APPAREL, INC. d/b/a MISS ME<br><br>Plaintiff,<br><br>- against -<br><br>XYZ COMPANY d/b/a MISSME-JEANS.COM, XYZ COMPANY d/b/a MISSMEJEANSOUTLET.COM, XYZ COMPANIES 1-10, and JOHN AND JANE DOES 1-10<br><br>Defendants. | Civil Action No. 12-Civ-7506 (SAS)<br><br>**PLAINTIFF'S DECLARATION OF COMPLIANCE WITH THE COURT'S OCTOBER 5, 2012 ORDER** |

------------------------------------------------------------- x

ALAN C. VERONICK, pursuant to 28 U.S.C. §1746, declares under penalty of perjury that the following is true and correct to the best of his knowledge:

1.   I am an associate with the law firm of Arnold & Porter LLP, counsel of record for Plaintiff Sweet People Apparel, Inc. d/b/a MISS ME ("Sweet People") in the above entitled action. Unless otherwise stated, I have personal knowledge of the facts set forth below and, if called as a witness, could competently testify thereto.

2.      I submit this declaration in compliance with the Court's October 5, 2012 *Ex Parte* Temporary Restraining Order, Order to Disable Certain Websites, Asset Restraining Order, Expedited Discovery Order, and Order to Show Cause for Preliminary Injunction (the "TRO"), directing, at page 8 of the TRO, that Plaintiff's counsel, within ten (10) days of entry of the TRO, file a declaration setting set forth:  (a) the date on which the TRO was entered; (b) the date and means with which Defendants XYZ Company d/b/a missme-jeans.com, XYZ Company d/b/a missmejeansoutlet.com, XYZ Companies 1-10, and John and Jane Does 1-10 (collectively "Defendants") were served with a copy of the TRO; and (c) a description of the domain names, websites and other assets that were disabled and/or restrained as a result of Plaintiff's service of the TRO.

3.      The TRO was entered by the Court on October 5, 2012.  A true and correct copy of the TRO is attached hereto as Exhibit A.

4.      Pursuant to the terms of the TRO, Sweet People was authorized to complete service of process on Defendants by serving the summons and complaint, and all other Court papers, including the TRO, by email upon (a) the registrar of the missme-jeans.com and missmejeansoutlet.com domain names (the "Infringing Miss Me Domain Names"), namely eNom, Inc. ("eNom"), at the email addresses legal@enom.com, and copyright@enom.com; and (b) the registration service provider of the Infringing Miss Me Domain Names, namely Namecheap, Inc. d/b/a Namecheap.com ("Namecheap"), at the email address abuse@namecheap.com, and support@namecheap.com.  *See* Ex. A at p. 8.

5.      Following the Court's entry of the TRO, on October 5, 2012, I sent the following Court papers by email to eNom (at legal@enom.com and copyright@enom.com), and Namecheap (at the email address abuse@namecheap.com and support@namecheap.com):

> (i) Complaint, Civil Cover Sheet, Summonses, Rule 7.1 Statement and the Individual Rules of the Hon. Shira A. Scheindlin and Magistrate Judge Frank Maas; and
>
> (ii) The *Ex Parte* Temporary Restraining Order, Order to Disable Certain Websites, Asset Restraining Order, Expedited Discovery Order, and Order to Show Cause for Preliminary Injunction (*i.e.*, the document heretofore referred to as the "TRO"); and
>
> (iii) Memorandum of Law in Support of Sweet People's Motion for an *Ex Parte* Temporary Restraining Order, Order to Disable Certain Websites, Asset Restraining Order, Expedited Discovery Order, and Order to Show Cause for Preliminary Injunction; and
>
> (iv) Declaration of Lilly Kim in Support of Sweet People's Motion for an *Ex Parte* Temporary Restraining Order, Order to Disable Certain Websites, Asset Restraining Order, Expedited Discovery Order, and Order to Show Cause for Preliminary Injunction; and
>
> (v) Declaration of Alan C. Veronick in Support of Sweet People's Motion for an *Ex Parte* Temporary Restraining Order, Order to Disable Certain Websites, Asset Restraining Order, Expedited Discovery Order, and Order to Show Cause for Preliminary Injunction.

In addition, I sent eNom and Namecheap, at the same email address, a cover letter indicating that, on behalf of Plaintiff, I was serving the above documents on them in accordance with the TRO, in order to effect service of process on Defendants, stating:

> [P]ursuant to the TRO, please be advised that I am hereby serving process on Defendants (*see* TRO at page 8) on Sweet People's behalf by serving the documents identified [above], and enclosed herewith, on your company at the email addresses listed above . . .:

Attached hereto as Exhibits B and C are true and correct copies of my October 5, 2012 letters to eNom and Namecheap, along with the covering emails enclosing those letters. To avoid inconvenience to the Court, I have not attached the enclosures that were included with my October 5, 2012 letters, but I can attest to the fact that I did attach copies of such Court papers to my respective emails.

6. In my October 5 letters to eNom and Namecheap, I also summarized the pertinent provisions of the TRO, including the requirement that eNom and Namecheap deactivate and disable the Infringing Miss Me Domain Names during the pendency of the action, and that they produce certain documents and records concerning Defendants and the Infringing Miss Me Domain Names within five (5) days of such service of the TRO (*i.e.*, on or before October 10, 2012). *See* Ex. A at pp. 6-7.

7. On October 5, 2012, I received an email from Namecheap indicating that it had received my October 5 email and attachments, and informing me that one of its "agents" would be getting back to me "as soon as possible." Thereafter, on Saturday, October 6, 2012, I received another email from Namecheap informing me that my October 5 letter had been forwarded to its legal department and that I would be hearing from someone shortly. Attached hereto as Exhibit D are true and correct copies of the emails that I received from Namecheap. However, as of the date of submission of this Declaration, I have received no formal response from Namecheap to my October 5, 2012 letter.

8. On October 8, 2012, I received an email from eNom indicating that it was in receipt of my October 5 letter. In that email, eNom indicated that the Infringing Miss Me Domain names had "been placed on freeze which will not allow them to be transferred out of eNom while the dispute is pending, nor allow any registration information to be changed. The Domains have also been placed on registrar hold to disable DNS resolution. These restrictions effectively disable access to the Domains." Attached hereto as Exhibit E is a true and correct copy of eNom's October 8, 2012 email.

9. Shortly after receiving eNom's October 8, 2012 email, I visited the infringing websites and confirmed that the Infringing Miss Me Domain Names had been disabled, and that the content that had appeared on those websites was no longer accessible.

10. As for the Court's order requiring Namecheap and eNom to produce certain documents and records concerning Defendants and the Infringing Miss Me Domain Names by October 10, 2012 (*see* Ex. A at pp. 6-7), neither produced any documents by that date. Accordingly, on October 11, 2012, I sent letters to Namecheap and eNom reminding them of the Court's requirement, and demanding that they produce such documents immediately. Attached hereto as Exhibit F are true and correct copies of my October 11, 2012 letters to eNom and Namecheap, along with my covering emails enclosing those letters.

11. Since October 11, 2012, Plaintiff's counsel has exchanged several emails with eNom. In its emails, eNom has claimed that it is not in possession of any responsive documents, and directed Plaintiffs to obtain such documents from Namecheap. Attached hereto as Exhibit G are true and correct copies of the correspondence with eNom. As of the date of submission of this Declaration, I have received no substantive response from Namecheap to my October 11, 2012 letter, or to several follow-up emails sent to Namecheap. Attached hereto as Exhibit H are true and correct copies of the post-October 11 correspondence with Namecheap. To avoid inconvenience to the Court, I have not attached duplicative copies of the TRO or prior correspondence that were attached to this correspondence, but I can attest to the fact that such documents were attached to these emails.

13. Accordingly, as of this date, Plaintiff has not yet been able to ascertain the identifies of Defendants, nor has Plaintiff received any substantive information about the Defendants or the Infringing Miss Me Domain Names from either of the domain name registrars.

DECLARED UNDER PENALTY OF PERJURY THIS 15TH DAY OF OCTOBER, 2012.

_____
ALAN C. VERONICK